Filed 9/5/14  Tidwell v. JPMC Specialty Mortgage CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| EDWARD C. TIDWELL,<br><br>         Plaintiff and Appellant,<br><br>v.<br><br>JPMC SPECIALTY MORTGAGE LLC,<br><br>         Defendant and Respondent. | A138546<br><br>(Contra Costa County<br>Super. Ct. No. MSC11-02461) |

Appellant Edward C. Tidwell appeals from the trial court's order sustaining the demurrer of respondent JPMC Specialty Mortgage LLC (JPMC) without leave to amend and dismissing Tidwell's complaint with prejudice as to JPMC.  We affirm.

BACKGROUND

The relevant facts as alleged in the operative second amended complaint (complaint) are as follows.  In 2005, Tidwell obtained a residential loan from Argent Mortgage Company, LLC (Argent), secured by a deed of trust (deed) encumbering certain real property.  The trustee was identified as Town and Country Title Services, Inc.

On October 16, 2006, a notice of default was recorded by Cal-Western Reconveyance Corporation (Cal-Western), stating Tidwell owed over $11,000 on the loan (notice of default).  The notice of default identified Cal-Western as "either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary."  The notice of default directed questions about the amount due or

1

arrangements for payment to stop foreclosure to WM Specialty Mortgage LLC (WM Specialty), an entity subsequently known as JPMC.[1]

In December 2006, two additional documents were recorded. The first, dated October 27, 2006, memorialized an assignment of the deed from Argent to WM Specialty, effective October 15, 2006 (assignment). The second, also dated October 27, substituted Cal-Western for Town and Country Title Services, Inc. as the trustee of the deed, effective October 15 (substitution). The property was eventually sold at a trustee's sale.

In 2011, Tidwell sued JPMC, as well as other defendants not at issue in this appeal, alleging multiple causes of action in connection with the loan and foreclosure process. The trial court sustained JPMC's demurrer without leave to amend and dismissed the complaint with prejudice as to JPMC.[2]

## DISCUSSION

### I. *JPM Specialty Mortgage*

Tidwell challenges a number of the trial court's rulings issued after JPMC's attorneys realized they erroneously had been filing documents in the case—including the demurrer at issue here—on behalf of "JPM Specialty Mortgage, LLC," resulting in JPMC's default being entered in May 2012. After the entry of default, JPMC's attorneys filed a case management statement and notice of errata explaining the error, and subsequently obtained orders setting aside the entry of default and deeming the demurrer filed by JPMC.

---

[1] For convenience, at times in this opinion we refer to WM Specialty as JPMC.

[2] We grant, as we must, Tidwell's June 4, 2014 request for judicial notice of four published California court of appeal decisions and an unpublished federal district court decision. (Evid. Code, § 451, subd. (a); *Boghos v. Certain Underwriters at Lloyd's of London* (2005) 36 Cal.4th 495, 502, fn. 3.) We deny the remainder of his June 4, 2014 request and the entirety of his February 13, 2014 request for judicial notice. To the extent the documents are attached as exhibits to his complaint and incorporated therein, judicial notice is unnecessary because in our review of the demurrer ruling, we accept these exhibits as true. (*Satten v. Webb* (2002) 99 Cal.App.4th 365, 374–375.) The remaining documents are not relevant to this appeal.

2

We find no error in the trial court's rulings on this issue. The complaint identifies JPMC as "JPMC Specialty Mortgage LLC," an entity "formerly known as WM Specialty Mortgage LLC," and JPMC's counsel erroneously referred to JPMC as "JPM Specialty Mortgage LLC, formerly known as WM Specialty Mortgage LLC." Given the overwhelming similarity of the names, it should have been clear from the beginning the difference was simply a clerical error. Although Tidwell suggests the error was tactical, the trial court found otherwise and the record amply supports this finding. In addition, Tidwell demonstrates no prejudice from the error. The order setting aside the entry of default was justified under Code of Civil Procedure section 473, subdivision (b), which authorizes relief from an order entered due to the mistake or neglect of a party or his or her legal representative.

Accordingly, we affirm the trial court's rulings on this matter. To the extent Tidwell's arguments with respect to the demurrer are based on JPMC's filings under the name "JPM Specialty Mortgage, LLC," we reject those arguments.

II. *Demurrer*

"When reviewing a judgment dismissing a complaint after the granting of a demurrer without leave to amend, courts must assume the truth of the complaint's properly pleaded or implied factual allegations. [Citation.] . . . If the trial court has sustained the demurer, we determine whether the complaint states facts sufficient to state a cause of action. If the court sustained the demurrer without leave to amend, as here, we must decide whether there is a reasonable possibility the plaintiff could cure the defect with an amendment. [Citation.] If we find that an amendment could cure the defect, we conclude that the trial court abused its discretion and we reverse; if not, no abuse of discretion has occurred. [Citation.] The plaintiff has the burden of proving that an amendment would cure the defect." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th

1074, 1081 (*Schifando*).) We conclude the trial court properly dismissed Tidwell's claims.[3]

### A. *Corporations Code*

The complaint alleges JPMC violated several sections of the Corporations Code relating to limited liability companies. Tidwell alleges violations of Corporations Code former sections 17050 and 17051, which governed the formation of California limited liability companies. However, JPMC is a Delaware limited liability company. These sections do not apply.

Tidwell also alleges violations of Corporations Code sections 2105 and former sections 17001, subdivision (ap), and 17456. Corporations Code section 2105 and former section 17456 impose requirements on foreign corporations that "transact intrastate business." Corporations Code former section 17001, subdivision (ap)(2)(G)–(H), provides that a foreign limited liability company "shall not be considered to be transacting intrastate business" solely by virtue of its "[c]reating or acquiring evidences of debt or mortgages, liens, or security interests in real or personal property" or "[s]ecuring or collecting debts or enforcing mortgages and security interests in property securing the debts." The activity of JPMC alleged in the complaint appears to fall within these exceptions. Therefore, the Corporations Code sections governing foreign limited liability companies that transact intrastate business do not apply.

### B. *Fraud/Intentional Misrepresentation*

The complaint alleges causes of action for fraud and intentional misrepresentation based on, with respect to JPMC, alleged false statements in the notice of default, assignment, and/or substitution.

The statute of limitations for "[a]n action for relief on the ground of fraud or mistake" is three years from the discovery of the facts constituting the fraud. (Code Civ. Proc., § 338, subd. (d).) The documents constituting the alleged fraud and containing the

---

[3] In his briefs on appeal, Tidwell abandons any challenge to the trial court's order with respect to his causes of action for breach of contract, civil conspiracy, set aside trustee sale, unjust enrichment, accounting, declaratory relief, and injunctive relief.

4

alleged intentional misrepresentations were publicly recorded in 2006. A plaintiff seeking to rely on delayed discovery for statute of limitations purposes " 'must plead facts justifying delayed accrual; the complaint must allege (1) the time and manner of discovery and (2) the circumstances excusing delayed discovery.' " (*Mangini v. Aerojet-General Corp.* (1991) 230 Cal.App.3d 1125, 1150.) Tidwell's complaint does not allege the date he discovered the 2006 documents or provide an excuse for any delayed discovery.

C. *Negligence*

The complaint alleges a cause of action for negligence. "The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence." (*Nymark v. Heart Fed. Savings & Loan Assn.* (1991) 231 Cal.App.3d 1089, 1095.) "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." (*Id.* at p. 1096.) To determine whether such a lender owes a duty of care, courts must consider the following balancing factors: " ' " '[1] the extent to which the transaction was intended to affect the plaintiff, [2] the foreseeability of harm to him, [3] the degree of certainty that the plaintiff suffered injury, [4] the closeness of the connection between the defendant's conduct and the injury suffered, [5] the moral blame attached to the defendant's conduct, and [6] the policy of preventing future harm.' " ' " (*Alvarez v. BAC Home Loans Servicing, L.P.* (2014) 228 Cal.App.4th 941, 945, & fn. 5.)

On appeal, Tidwell makes no argument that JPMC owed him a duty of care. His complaint does not allege facts showing such a duty was owed. His negligence claim was properly dismissed.

D. *Business and Professions Code section 17200*

Tidwell alleges JPMC committed unfair business practices in violation of Business and Professions Code section 17200 et seq. The statute of limitations for claims under this law is four years. (Bus. & Prof. Code, § 17208.) The basis for this claim, as with the fraud claim, is the 2006 notice of default, assignment, and/or substitution, and Tidwell

5

failed to allege any delayed discovery.  This claim was properly dismissed for the same reasons as the fraud claim.

E.  *Leave to Amend*

When a demurrer is sustained without leave to amend, "[t]he plaintiff has the burden of proving that an amendment would cure the defect."  (*Schifando, supra,* 31 Cal.4th at p. 1081.)  Tidwell has failed to assert facts that could cure the above defects in an amended complaint.  Accordingly, the trial court's denial of leave to amend was not an abuse of discretion.[4]

## DISPOSITION

The order dismissing appellant's second amended complaint as to JPMC with prejudice is affirmed.  Respondent is awarded its costs on appeal.

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

NEEDHAM, J.

_____

[4] Tidwell also filed, in this court, a motion for summary judgment.  We construe this to be a motion for summary reversal (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2014) ¶5:82) and, in light of our conclusion affirming the judgment dismissing Tidwell's action, deny the motion as moot.

6